IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEE PAPER COMPANY, INC          :          CIVIL ACTION
                                :
     v.                         :
                                :
RICHARD LOOS                    :          NO. 15-1513

                            MEMORANDUM

Bartle, J.                                     September 17, 2015

     Before the court is the motion of defendant Richard Loos ("Loos") to vacate the default judgment entered against him.

     Plaintiff Dee Paper Company, Inc. ("Dee Paper") filed this action on March 25, 2015 against Loos, its former employee, for: breach of contract; breach of fiduciary duty; violating the Pennsylvania Uniform Trade Secrets Act, 12 Pa. Cons. Stat. § 5302; and fraud.  Under Rule 55 of the Federal Rules of Civil Procedure, the Clerk of Court, on July 22, 2015, entered a default judgment against Loos for $126,175.02, the sum certain Dee Paper sought in its Complaint, after Loos failed to plead or otherwise defend.

     According to the Complaint, Dee Paper, a manufacturer and seller of folding cartons, employed Loos as a full-time Packaging Consultant from January 20, 2014 until January 7, 2015.  This position involved sales.  The Employment Offer Letter, which Loos signed, stated that Loos had "two primary

responsibilities – maintain and grow the current business with the accounts given to you and to generate business from those companies not currently clients."

The Confidentiality and Non-Solicitation Agreement, which Loos also signed, required that "Employee shall devote his full time attention and energies to the business of the Company." It further provided:

> Employee covenants and agrees that he will not, during his employment with the Company and for a period of one (1) year after the termination of his employment . . . directly or indirectly . . . for his own benefit or for the benefit of any Person:  [1] communicate with, solicit, divert, or accept business from (or encourage any third party to do so) any Person which is now, or which during the course of Employee's employment with the Company or for a period of one (1) year after the termination of Employee's employment with the Company becomes, a customer of the Company.

Dee Paper claimed that Loos violated this agreement by performing sales services as an independent contractor for competitor, Global Printing & Packaging ("Global"), while Loos was still a Dee Paper employee. By affidavit, Dee Paper set forth that Global competed with it by selling the same type of folding cartons as Dee Paper.

In a declaration, Dee Paper's counsel stated that, on February 2, 2015, prior to filing its Complaint, he sent a letter by first class mail and email to Loos. The letter

explained that Dee Paper had retained him as counsel to enforce the Confidentiality and Non-Solicitation Agreement.  The letter quoted the contractual provision prohibiting Loos from communicating with Dee Paper customers and demanded that Loos cease all such communications.  Loos replied by email that same day, stating:  "I have not contacted any of your clients [sic] customers" and "my attorney will be contacting you soon."

Thereafter, Dee Paper sued Loos.  Dee Paper's counsel has described his efforts to serve Loos with the Summons and Complaint, beginning March 27, 2015.  Dee Paper sent process by certified mail with restricted delivery to 3215 Leeward Drive, Haverstraw, NY 10927.  This was the most recent address Loos had provided to Dee Paper.  The U.S. Postal Service returned this mail to Dee Paper as "unclaimed" after sending notifications on March 30, 2015, April 8, 2015, and April 15, 2015.

In April and May 2015, Dee Paper hired a process server who made five unsuccessful attempts to serve Loos at his home address.  The process server, by affidavit, described his attempts to speak with Loos.  On one occasion, after the process server rang the buzzer marked "Richard Loos," Loos answered the intercom but declined to grant the process server access to his building.  Loos then yelled from a window, "Shove the papers up your *****."

Finally, on May 27, 2015, Loos contacted Dee Paper's counsel by telephone according to the declaration submitted by the latter. During that phone call, Loos confirmed that he resided at 3215 Leeward Drive, Haverstraw, NY 10927.

After multiple unsuccessful attempts to serve Loos, Dee Paper filed a motion for alternative service. On June 5, 2015, the court granted the motion. It permitted alternative service under Rule 4(e)(1) of the Federal Rules of Civil Procedure. The court allowed Dee Paper to serve Loos by three methods: overnight private carrier at his home address without requiring a personal signature; first-class mail to his home address; and pdf version to an email address Loos had confirmed with Dee Paper's counsel. On June 8, 2015, Dee Paper effectuated service by the three methods permitted in the court's order.

Loos sent an email in reply to Dee Paper's June 8, 2015 service of process. Loos stated: "Can you tell me how to handle this myself as I don't really want to hire a lawyer." Dee Paper's counsel refused to give Loos legal advice and recommended that he consult a lawyer. Counsel agreed to allow Loos 40 days from the date of service, until July 20, 2015, to respond to the Summons and Complaint in order to give Loos time to find an attorney. Counsel also informed Loos that Dee Paper

would not agree to additional time extensions and would seek a default judgment against Loos should he fail to answer or file a motion by July 20, 2015. Loos responded: "I read your email and agree to the extension terms."

As of July 22, 2015, Loos had not pleaded or otherwise defended the action. On that date, Dee Paper filed a motion for entry of default judgment and attached proof of service by the alternative methods permitted by the court. The Clerk of Court granted Dee Paper's motion and entered default judgment against Loos, as permitted under Rule 55 of the Federal Rules of Civil Procedure, in the amount of $126,175.02, the exact sum sought in the Complaint. This amount reflected the compensation, benefits, and expenses that Dee Paper claimed it had expended in employing Loos.

On July 28, 2015, six days after the court had entered default judgment, counsel for Loos entered an appearance. Loos filed an Answer and a motion to vacate the default judgment three days later. In response to Dee Paper's allegation that Loos worked for competitor Global while employed by Dee Paper, Loos did not deny that he had worked for Global. Instead, he artfully pleaded in his Answer that Global is not a "direct competitor." He "specifically denied that Defendant was

employed and/or working for a competitor."  In addition, Loos asserted numerous affirmative defenses.

I.

Rule 55(c) of the Federal Rules of Civil Procedure provides that the court may set aside a final default judgment for one of the six reasons provided in Rule 60(b).  See Fed. R. Civ. P. 55(c).  These include "mistake, inadvertence, surprise, or excusable neglect" as well as "any other reason that justifies relief."  See Fed. R. Civ. P. 60(b)(1), (6).  In this Circuit, default judgments are disfavored, and, where possible, cases should be decided on the merits.  See, e.g., Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 419-20 (3d Cir. 1987).  As such, motions to vacate the default judgment are viewed with "liberality," not strictness.  See Medunic v. Lederer, 533 F.2d 891, 893 (3d Cir. 1976).

In applying Rules 55(c) and 60(b), the court must consider three factors:  "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct."  See United States v. $55,518.05, 728 F.2d 192, 195 (3d Cir. 1984).  The court has wide discretion in this analysis.  See Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988).  While the district court must make a finding

-6-

with regard to each factor, the court may weigh them in determining whether to vacate the default judgment.  See id. For example, the court may refuse to vacate a default judgment where the defendant engaged in culpable conduct and lacks a meritorious defense, even if the plaintiff would suffer no prejudice.  See, e.g, $55,518.05, 728 F.2d at 196-97.

II.

The "threshold issue" is whether the defendant has asserted a meritorious defense by "set[ting] forth with some specificity the grounds for his defense."  See Harad, 839 F.2d at 982; Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). To be meritorious, the defendant must allege factual support sufficient to constitute a complete defense to the action at trial.  See Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951); World Entm't, Inc. v. Brown, 487 F. App'x 758, 761 (3d Cir. 2012).  The defendant may not merely raise the defense in general terms but must "allege[ ] specific facts beyond simple denials or conclusionary statements."  See $55,518.05, 728 F.2d at 195; Harad, 839 F.2d at 982.  Our Court of Appeals cautions against setting aside a default judgment based on mere references to legal defenses because doing so would "establish[ ] a new right to automatically set aside any default judgment if counsel is diligent enough to quote the

-7-

applicable statute or rule of civil procedure." See $55,518.05, 728 F.2d at 196.

The court must assess the substance of the defendant's defense. See Harad, 839 F.2d at 982. It may rely on affidavits submitted by the parties. See, e.g., Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983); $55,518.05, 728 F.2d at 194. The defendant's "[f]ailure to establish a meritorious defense weighs heavily against setting aside the default." World Entm't, 487 F. App'x at 761; $55,518.05, 728 F.2d at 196-97.

Dee Paper alleged that Loos violated the non-compete provisions in his employment agreement by working for competitor Global while employed by Dee Paper. These provisions provided that Loos "shall devote his full time attention and energies to the business of the Company" and could not, on behalf of himself or another, "communicate with, solicit, divert, or accept business from" any Dee Paper customers.

Loos claims that Dee Paper and Global were not actually competitors. His Answer states: "Plaintiff's characterization of its products as in the 'business of manufacturing and selling of folding cartons' is a much more broad description than the products sold by the Plaintiff." This response does not negate the claim that Dee Paper and

-8-

Global are competitors. Moreover, simply stating they are not competitors without more is not sufficient. Loos has not asserted a meritorious defense of lack of competition.

In contrast, Dee Paper submitted a declaration from its sales manager, Kathleen Kelsh, in which she stated that Global's online folding box description "matches the folding cartons manufactured and sold by Dee." Kelsh explained that "Global also produces other products that are not produced by Dee," yet "[w]ith respect to folding cartons . . . Dee and Global are competitors." Attached to Kelsh's affidavit is a printout of Global's webpage describing its folding boxes. In this webpage, Global stated that it "produce[d] virtually every kind of folding box you need."

In any event, Loos agreed to "devote his full time attention and energies to the business of the Company." Loos would have the court believe that this provision does not prohibit multiple employment. His argument in this regard is frivolous. See $55,518.05, 728 F.2d at 197-98. It is impossible for Loos to abide by his contractual duty to devote full time, attention, and energy to Dee Paper and at the same time maintain a position with another company, whether or not it is a competitor. Again, Loos has not shown that he has a

meritorious defense to Dee Paper's allegations that he breached his employment agreement.[1]

### III.

Next, the court considers whether Loos's failure to participate in the action prior to the default judgment reflected willfulness or bad faith amounting to culpable conduct rather than excusable neglect or another reason justifying relief.  See Hritz, 732 F.2d at 1182.  While mere negligence or innocent mistakes are not culpable conduct, "[c]ertainly 'willfulness' and 'bad faith' include acts intentionally designed to avoid compliance with court notices."  See id at 1183.  The "intentional refusal to accept service and respond to the complaint in a timely manner" demonstrate culpable conduct. See World Entm't, 487 F. App'x at 762.

---

1. In his Answer, Loos asserted a plethora of affirmative defenses including that Dee Paper's claims were barred by the statute of limitations, accord and satisfaction, economic duress, estoppel, failure of consideration, fraud, illegality, justification, laches, payment, release, comparative negligence, contributory negligence, statute of frauds, failure to mitigate, frustration of purpose, frustration of contract, and unjust enrichment.  Loos has not provided any explanation or support in his papers for any of these defenses.

Additionally, as to the allegations of breach of fiduciary duty, violation of the Pennsylvania Uniform Trade Secrets Act, and fraud, Loos simply denies the allegations without supplying any factual basis for his defense.  As such, none of these defenses can be meritorious.  See $55,518.05, 728 F.2d at 195.

Loos knew Dee Paper was attempting to serve him with papers, and he deliberately and continuously evaded service. Loos failed to collect from the post office the Summons and Complaint sent by certified mail with restricted delivery in spite of three notices left at his home address by the U.S. Postal Service. Loos also frustrated a process server's five separate attempts to present him with the Summons and Complaint at his home address. On one of those occasions, Loos answered the buzzer, refused to grant entry, and shouted to the process server: "Shove the papers up your *****."

These flagrant and defiant acts were willful and in bad faith. Loos's conduct delayed Dee Paper's effort to proceed with the action. It also wasted the time and money of Dee Paper as well as the time and resources of the court in having to resolve a motion for alternative service. Once Dee Paper was able to serve process by the alternative methods allowed by the court, Loos then failed to participate in the action despite notice that the action was pending and receiving additional time, with a cut-off, to respond.

In his motion to vacate the default judgment, Loos claims that he suffered financial hardship and, as a result, "had difficulty finding and being able to engage an attorney to represent him in this matter." We acknowledge that a

-11-

defendant's financial hardship or justifiable inability to locate an attorney causing his failure to participate timely in the action may be a basis for relief under the Rule 60(b)(6) catch-all provision.[2]  However, this requires a showing of "extraordinary circumstances" based on "extreme and unexpected hardship."  See Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008).  A bare assertion that the defendant has suffered some undefined economic hardship is insufficient.  See id.  Similarly, "extreme difficulty in obtaining representation" can excuse the defendant's failure to participate in the action.  See United States v. Single Story Double Wide Trailer, 727 F. Supp. 149, 153-54 (D. Del. 1989).  Relief is not appropriate where "the claimant does not attempt to enter a pro se appearance or to explain the situation to the opposing party or the court."  See id. at 154.

　　　　Loos did not support his hardship claims with any facts or explanation.  Prior to entry of default judgment, Loos did not enter a pro se appearance or notify the court or opposing party that he was having difficulties retaining an attorney.  The empty assertions by Loos of financial hardship

---

2. Loos also claims a right to relief under Rule 60(b)(1), which provides relief for "mistake, inadvertence, surprise, or excusable neglect."  In light of Loos's intentional disregard for the judicial process, as described above, Loos's Rule 60(b)(1) claim is without merit.

are insufficient to demonstrate the "extreme and unexpected hardship" necessary to justify relief. See Budget Blinds, 536 F.3d at 255.

Accordingly, for the reasons provided above, the court finds that Loos's failure to respond was the product of culpable conduct not excusable neglect or some other justifiable reason.

IV.

The final prong in determining whether to vacate a default judgment is whether the plaintiff would suffer prejudice. A party is prejudiced where vacating the default judgment would result in lost evidence, an increased likelihood of fraud or collusion, or substantial reliance upon the judgment. See Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982). Costs arising from continued litigation or delay in satisfaction of a claim are not prejudicial. See Sourcecorp Inc. v. Croney, 412 F. App'x 455, 460 (3d Cir. 2011); Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). Here, Dee Paper does not claim it would be prejudiced, and the court finds that no prejudice exists.

V.

While Dee Paper would apparently suffer no prejudice, both the lack of a meritorious defense and culpable conduct in

evading service lead this court to deny the motion of Loos to vacate the default judgment.[3]

---

3. Some cases suggest that the court should also consider whether alternative sanctions would be effective.  See Emcasco, 834 F.2d at 73-74.  In light of the conduct of Loos, the court finds that no alternative sanctions would be effective here, particularly in light of his claim that he is impecunious.