IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEE PAPER COMPANY, INC.          :          CIVIL ACTION
                                 :
          v.                     :
                                 :
RICHARD LOOS, et al.             :          NO. 15-1513


MEMORANDUM

Bartle, J.                                February 29, 2016

          Before. the court is the motion of plaintiff Dee Paper
Company, Inc. ("Dee Paper") for judgment on the pleadings, or in
the alternative, default judgment against garnishee JP Morgan
Chase Bank, N.A. ("Chase Bank").

          Dee Paper initiated this action on March 25, 2015 by
filing a lawsuit against its former employee Richard Loos
("Loos").  Loos failed to appear or otherwise defend, and the
Clerk of Court entered a default judgment against Loos in the
amount of $126,175.02 on July 22, 2015.  On September 17, 2015,
the court denied the motion of Loos to vacate the default
judgment.  Dee Paper subsequently served a writ of execution and
garnishment interrogatories on Chase Bank.  It now seeks
judgment against Chase Bank based on its alleged failure to
respond to the interrogatories in a timely manner.

                              I.

          The following facts are undisputed or viewed in the
light most favorable to Chase Bank, the nonmoving party.  On

September 30, 2015, a writ of execution was issued against Chase
Bank as garnishee for judgment plus interest in the amount of
$126,236.00.  At 10:58 A.M. that same day, the writ and
garnishment interrogatories were served on Chase Bank.

Although counsel for Chase Bank did not enter an
appearance in this action until mid-November 2015, two documents
were filed on the docket on its behalf in October 2015.  First,
on October 14, 2015, a letter signed by Eric W. Johnson was
entered on the docket.  The letter stated:

> JPMorgan Chase Bank, N.A. ("JPMC") is in
> receipt of your Writ of Execution against
> the above referenced debtor.
>
> The Present Balance may be subject to
> exemption claims, including claims which may
> permit a customer to withdraw additional
> funds.
>
> If funds not held, provide reasons:
>
> Memo:  RESOLVED NO FUNDS AVAILABLE DUE TO
> BALANCES OF ACCOUNT DO NOT TOTAL THE $300.00
> STATUTORY EXEMPTION.
>
> These responses are based on a search of
> data contained in JPMorgan Chase's
> centralized customer identification and
> account information system.  That system may
> not necessarily capture all relevant
> information concerning the judgment
> debtor(s) or accounts.
>
> Please allow this letter to serve as JPMC's
> answer to the Writ of Execution.

Second, on October 23, 2015, a copy of the garnishment
interrogatories sent by Dee Paper to Chase Bank appeared on the

docket.   In this document, someone had handwritten responses into the space after each interrogatory and had stamped the first page with the following:

>    [d]isclaimer:  These responses are based
>    upon a search of data contained in JPMorgan
>    Chase's centralized customer identification
>    and account information system.  That system
>    may not necessarily capture all relevant
>    information concerning the judgment
>    debtor(s) or accounts.

This document was not signed.  It does not indicate who drafted it or caused it to be filed.[1]  Chase Bank now claims that this document contains its responses to the interrogatories. Further, although Chase Bank filed this unsigned document on the docket before its counsel had even entered an appearance, Chase Bank blames the court for its error.  It claims that "[t]he Court inadvertently docketed Chase's Interrogatory responses as filed by Dee."

On November 6, 2015, Dee Paper filed a motion for judgment on the pleadings or, alternatively, for default judgment against Chase Bank.  On November 18, 2015, counsel for Chase Bank entered an appearance.  On December 3, 2015, in addition to filing a response in opposition to the motion of Dee Paper, Chase Bank also filed a document responding to the

---

1.  Because this document was a copy of the garnishment interrogatories originally drafted by Elliot B. Platt ("Platt"), counsel for Dee Paper, it retained Platt's signature at the end of the document.  Platt subsequently filed a notice stating that neither he nor his client filed the document.

garnishment interrogatories titled "Supplemental Objections and Responses with New Matter of Garnishee JP Morgan Chase Bank, N.A., to Plaintiff's Interrogatories."

The court held a telephone conference with counsel for Dee Paper and Chase Bank on December 4, 2015.  On December 8, 2015, Chase Bank filed a new document responding to the garnishment interrogatories called "Amended Supplemental Objections and Responses with New Matter of Garnishee JP Morgan Chase Bank, N.A., to Plaintiff's Interrogatories."  The court held several more telephone conferences but the parties were unable to resolve their dispute amicably.

II.

The parties agree that Rule 69(a) of the Federal Rules of Civil Procedure requires us to apply the Pennsylvania Rules on execution in this action.  Rule 69(a) provides:

> [a] money judgment is enforced by a writ of
> execution, unless the court directs
> otherwise.  The procedure on execution — and
> in proceedings supplementary to and in aid
> of judgment or execution — must accord with
> the procedure of the state where the court
> is located, but a federal statute governs to
> the extent it applies.

Fed. R. Civ. P. 69(a)(1).  Thus, in light of the absence of "detailed directions for execution on civil judgments" in the Federal Rules, "Rule 69(a) provides that proceedings in aid of

execution follow state practice." See Feliciano v. Reliant
Tooling Co., Ltd., 691 F.2d 653, 655 (3d Cir. 1982).

The Pennsylvania Rules of Civil Procedure specify the
relevant procedures for execution on a civil judgment.  As
relevant here, "[t]he Pennsylvania rules provide that after a
writ of execution is issued, the judgment holder may serve
interrogatories on the garnishee respecting property possessed
by him but owned by the judgment debtor." Id. (citing Pa. R.
Civ. P. 3144).  "Service of these interrogatories is the
equivalent of serving a complaint, and the garnishee must then
file a timely response or suffer default." In re Szymanski, 413
B.R. 232, 244 (Bankr. E.D. Pa. 2009).  A response to the
interrogatories is timely if filed within twenty days of service
of the interrogatories.  See Pa. R. Civ. P. 3144.

The plaintiff must ensure that its garnishment
interrogatories comply with several procedural requirements.
The interrogatories must "contain a notice to answer within
twenty days after service." See id.  In addition, the
interrogatories must be "substantially" in the form provided in
Rule 3253.  The Rule 3253 form includes a list of eight
interrogatories and notice that failure to respond within twenty
days will result in judgment against the garnishee.[2]  See Pa. R.

---

2.  The eight interrogatories in Rule 3253 state:

1. At the time you were served or at any
subsequent time did you owe the defendant
any money or were you liable to the
defendant on any negotiable or other written
instrument, or did the defendant claim that
you owed the defendant any money or were
liable to the defendant for any reason?

2. At the time you were served or at any
subsequent time was there in your
possession, custody or control or in the
joint possession, custody or control of
yourself and one or more other persons any
property of any nature owned solely or in
part by the defendant?

3. At the time you were served or at any
subsequent time did you hold legal title to
any property of any nature owned solely or
in part by the defendant or in which the
defendant held or claimed any interest?

4. At the time you were served or at any
subsequent time did you hold as fiduciary
any property in which the defendant had an
interest?

5. At any time before or after you were
served did the defendant transfer or deliver
any property to you or to any person or
place pursuant to your direction or consent
and if so what was the consideration
therefor?

6. At any time after you were served did you
pay, transfer or deliver any money or
property to the defendant or to any person
or place pursuant to the defendant's
direction or otherwise discharge any claim
of the defendant against you?

7. If you are a bank or other financial
institution, at the time you were served or
at any subsequent time did the defendant
have funds on deposit in an account in which
funds are deposited electronically on a

Civ. P. 3253.  It also permits the plaintiff to "set forth additional appropriate interrogatories."  See id.  These procedural requirements are strictly construed.  See City of Philadelphia v. David J. Lane Advertising, Inc., 33 A.3d 674, 680 (Pa. Commw. Ct. 2011).

If the garnishee fails to respond timely to the garnishment interrogatories, Rules 3146 authorizes the court to enter an unliquidated judgment against the garnishee.  See Pa. R. Civ. P. 3146.  However, Pennsylvania law strongly disfavors default judgments.  See City of Philadelphia, 33 A.3d at 677; Queen City Elec. Supply Co., 421 A.2d 174, 177-78 (Pa. 1980). The default judgment remedy seeks to "prevent[ ] a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim."  Queen City Elec. Supply Co., 421

---

recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law?  If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.

8. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. § 8123?  If so, identify each account.

A.2d at 178 (quoting Kraynick v. Hertz, 277 A.2d 144, 147 (Pa. 1971)).  But, "[i]t is not (a) procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without . . . contest." Id. (quoting Kraynick, 277 A.2d at 147).  "[A] default judgment entered where there has not been strict compliance with the rules of civil procedure is void." Id. (quoting Franklin Interiors, Inc. v. Browns Lane, Inc., 323 A.2d 226, 228 (Pa. Super. Ct. 1974)).

If the court does enter an unliquidated judgment because the garnishee failed to respond in a timely fashion to the interrogatories, the court will determine the judgment amount at a subsequent hearing.  See Pa. R. Civ. P. 3146.  The garnishee is entitled to notice of and has an opportunity to defend at the hearing.  If the garnishee is present at the hearing, "the court shall determine and enter judgment for the value of the property of the defendant in the hands of the garnishee." See id. This judgment is not to exceed the amount of the "judgment of the plaintiff against the defendant together with interest and costs." See id.  If the garnishee fails to appear or offer any evidence at the hearing, the court will enter judgment "in the amount of the plaintiff's judgment against the defendant together with interest and costs." See id.

If the garnishee is a financial institution, Rule 3146 specifically precludes an award of any funds identified by the garnishee in response to interrogatories seven and eight in the Rule 3253 form.  See Pa. R. Civ. P. 3146; United Steel v. Mountain Energy, Inc., 2012 WL 4481962, at *2 (W.D. Pa. Sept. 27, 2012).  Interrogatories seven and eight inquire:

> 7. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law?  If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.
>
> 8. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. § 8123?  If so, identify each account.

Pa. R. Civ. P. 3253.  Because the funds mentioned in interrogatories seven and eight are exempt from execution, the garnishee is not liable to the plaintiff for these amounts.

Rule 3146 is "designed to balance the interests of the creditor and the garnishee."  See Pa. R. Civ. P. 3146, explanatory comment to 1981 amendment.  The Pennsylvania Supreme

Court has recognized the "unfairness in entering judgment for
more than the amount of defendant's property in the garnishee's
hands" as well as the unfairness of "fail[ing] to advise the
garnishee more fully as to the consequences of his default in
failing to answer the interrogatories."  See id.  One way Rule
3146 avoids this unfairness is by requiring the plaintiff to
provide notice to the garnishee as set out in Rule 237.1.  The
explanatory comments to Rule 3146 provide that "[a] default
judgment may be entered against the garnishee only after
compliance with the ten-day-notice provisions of Rule 237.1 and
only in an unliquidated amount."  Id.

Under Rule 237.1, the plaintiff must provide notice of
its intent to pursue a default judgment before actually seeking
the default judgment:

> (2) No judgment . . . by default for failure
> to plead shall be entered by the
> prothonotary unless the praecipe for entry
> includes a certification that a written
> notice of intention to file the praecipe was
> mailed or delivered
>
> . . .
>
> (ii) in the case of a judgment by default,
> after the failure to plead to a complaint
> and at least ten days prior to the date of
> the filing of the praecipe to the party
> against whom judgment is to be entered and
> to the party's attorney of record, if any.

Pa. R. Civ. P. 237.1(a)(2).  An official note to Rule 237.1
explains that the form of the notice of intent to seek a default
judgment is located in Rule 237.5.

> Rule 237.5 provides:
>
> [t]he notice required by Rule 237.1(a)(2)
> shall be substantially in the following
> form:
>
> YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED
> TO ENTER A WRITTEN APPEARANCE PERSONALLY OR
> BY ATTORNEY AND FILE IN WRITING WITH THE
> COURT YOUR DEFENSES OR OBJECTIONS TO THE
> CLAIMS SET FORTH AGAINST YOU.  UNLESS YOU
> ACT WITHIN TEN DAYS FROM THE DATE OF THIS
> NOTICE, A JUDGMENT MAY BE ENTERED AGAINST
> YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR
> PROPERTY OR OTHER IMPORTANT RIGHTS.
>
> YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT
> ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR
> TELEPHONE THE OFFICE SET FORTH BELOW.  THIS
> OFFICE CAN PROVIDE YOU WITH INFORMATION
> ABOUT HIRING A LAWYER.
>
> IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS
> OFFICE MAY BE ABLE TO PROVIDE YOU WITH
> INFORMATION ABOUT AGENCIES THAT MAY OFFER
> LEGAL SERVICES TO ELIGIBLE PERSONS AT A
> REDUCED FEE OR NO FEE.

Pa. R. Civ. P. 237.5.  In creating this form, "the Pennsylvania
Supreme Court determined that before entering judgment by
default (which is no insignificant matter), it was important to
notify a defendant specifically what it failed to do."  See City
of Philadelphia, 33 A.3d at 678-79 (emphasis in original).
"[I]f the notice provided is not 'substantially' in the form
adopted by the Pennsylvania Supreme Court, then the plaintiff

has not complied with Rule 237.1 and the default judgment cannot stand." Id. at 677; see also PennWest Farm Credit, ACA v. Hare, 600 A.2d 213, 215-16 (Pa. Super. Ct. 1991); Erie Ins. Co. v. Bullard, 839 A.2d 383, 387 (Pa. Super. Ct. 2003).

III.

Dee Paper has moved for judgment on the pleadings or, in the alternative, for default judgment against Chase Bank. It seeks enforcement of the writ of execution and garnishment interrogatories that it served on Chase Bank. It claims to be entitled to a judgment in its favor because Chase Bank did not respond to its garnishment interrogatories within the twenty-day timeframe provided by Rules 3144 and 3253. We construe Dee Paper's motion as seeking relief pursuant to the Pennsylvania Rules on execution. See Fed. R. Civ. P. 69(a); Feliciano, 691 F.2d at 655; see also Ganz v. Griffith, 1996 WL 122184, at *1, n.3 (E.D. Pa. Mar. 19, 1996).

Dee Paper first argues that the documents that appeared on the docket in October 2015[3] cannot be construed as Chase Bank's responses to the garnishment interrogatories. We agree. "It has been the law for the better part of two centuries . . . that a corporation [and other artificial entities] may appear in the federal courts only through licensed

---

3.  Only one of these October 2015 documents was filed within twenty days of service of the garnishment interrogatories.

counsel." <u>Rowland v. Cal. Men's Colony</u>, 506 U.S. 194, 201–02
(1993); <u>Dougherty v. Snyder</u>, 621 F. App'x 715, 717 (3d Cir.
2015); <u>Simbraw, Inc. v. United States</u>, 367 F.2d 373, 374
(3d Cir. 1966).  As a corporate entity, Chase Bank may only
appear and file documents in court through counsel.  Yet,
neither October 2015 document was signed by an attorney.  The
first document was signed by Chase Bank employee Eric. W.
Johnson, and the second document was not signed at all.  These
documents cannot be deemed to be Chase Bank's responses to the
interrogatories.

Although we agree with Dee Paper that Chase Bank did
not appropriately respond to the garnishment interrogatories,
there are at least two fatal flaws in the garnishment
interrogatories that preclude us from issuing a judgment in Dee
Paper's favor.  First, the garnishment interrogatories that Dee
Paper served on Chase Bank did not "substantially" comply with
the form provided in Rule 3253 because they omit interrogatories
seven and eight.  Interrogatory seven asks whether recurring or
electronically deposited funds that the defendant held in an
account with the garnishee are legally exempt from execution,
levy, or attachment.  Interrogatory eight seeks information
about a portion of the defendant's funds which are protected by
Pennsylvania statute.  By omitting these interrogatories, Dee
Paper has materially altered the Rule 3253 form.  Procedural

requirements are strictly construed, and "[a] default judgment
entered where there has not been strict compliance with the
rules of civil procedure is void." See City of Philadelphia, 33
A.3d at 680 (quoting Franklin Interiors, Inc., 323 A.2d at 228).

In addition, this omission violates Rule 3146, which
specifically states that a default judgment must exclude "funds
of any account of the defendant that is identified in the
garnishee's answer to interrogatory no. 7 or 8." See Pa. R.
Civ. P. 3146(b)(2). As a financial institution, Chase Bank was
entitled to receive and have an opportunity to respond to these
interrogatories. By failing to include interrogatories seven
and eight, Dee Paper undermined the procedural protections
specially put into place to protect the garnishee. See Pa. R.
Civ. P. 3146, explanatory comment to 1981 amendment. It is no
defense that Chase Bank may have nonetheless been aware of its
right to withhold exempt funds. See Gangi v. Delco Cab Co., 411
A.2d 798, 800 (Pa. Super. Ct. 1979). There is not "a separate
standard" for knowledgeable garnishees "different from the
standards applicable to all other garnishees." See id. By
omitting interrogatories seven and eight, the "[p]laintiff has
not met its burden to show that judgment against Garnishee would
be appropriate." See United Steel, 2012 WL 4481962, at *2. We
cannot enter default judgment in favor of Dee Paper because the

interrogatories on which it relies in seeking a judgment are deficient.

Dee Paper argues that it is not subject to Rule 3146 because it has not decided to style its motion as a "praecipe." We disagree.  Regardless of the title on its motion, Dee Paper can only obtain the relief it seeks under Rule 3146.  Rule 3146 is the only legal authority allowing a judgment to enter against the garnishee when the garnishee fails to respond timely to interrogatories.[4]  Dee Paper is incorrect in claiming that Rules 3145 and 3147 permit a judgment.  Rule 3145 simply explains that the interrogatories and responses are to be construed as a complaint and answer.  See Pa. R. Civ. P. 3145.  Rule 3147 merely places a cap on the judgment amount "[i]f the court enters judgment."  See Pa. R. Civ. P. 3147 (emphasis added). Dee Paper can seek a judgment based on Chase Bank's failure to

---

4. In attempting to evade the procedural protections for the garnishee set forth in Rule 3146, Dee Paper argues that a judgment is appropriate under Rules 8 and 55 of the Federal Rules of Civil Procedure.  Although Rule 8 of the Federal Rules of Civil Procedure states the rules of pleading in federal court, Rule 8 does not apply to this proceeding on execution. Only the Pennsylvania procedural rules treat garnishment interrogatories as a complaint and the response to those interrogatories as an answer.  Rule 8 does not consider garnishment interrogatories to be pleadings.  Likewise, Rule 55 of the Federal Rules of Civil Procedure concerns default judgments for failure to appear or defend.  It does not authorize a default judgment when a party fails to respond to an interrogatory.  Rule 3146 is the only applicable legal authority that permits this result.  Thus, we must look to Rule 3146 to determine the effect of Chase Bank's failure to respond timely to the interrogatories.

respond to the interrogatories only because Rule 3146 mandates this result under certain circumstances.  Yet, in allowing a judgment to enter, Rule 3146 ensures that the judgment will not be excessive and will be issued only after fair notice.  <u>See</u> Pa. R. Civ. P. 3146, explanatory comment to 1981 amendment.  We will not allow Dee Paper to cherry-pick the procedural rules and safeguards that apply in this case.

Second, Dee Paper has not complied with the notice requirements in Rules 237.1 and 237.5.  In a letter sent to Chase Bank prior to moving for a default judgment, counsel for Dee Paper stated:

> [t]oday I received a letter from Eric Johnson . . . stating that the letter is intended to serve as the Bank's Answer to the Writ.  Be advised that the letter is not what is legally required.  As Garnishee, you are required to file and serve written Answers to the Interrogatories within twenty days of service.  Your Answers should accurately state all amounts you were holding for Richard Loos at the time you were served and at all times since.  If you fail to file full and complete Answers by October 20, I shall ask the Court to enter default judgment, in the full amount due, against the Bank.

This communication does not substantially comply with Rule 237.5, which requires the plaintiff "to notify a defendant [of] <u>specifically</u> what it has failed to do."  <u>See</u> <u>City of Philadelphia</u>, 33 A.3d at 678-79 (emphasis in original); <u>Queen City Elec. Supply Co.</u>, 421 A.2d at 178 n.8; <u>Ganz</u>, 1996 WL

122184, at *2.  Under Rule 237.1, "Rule 237.5 prescribes the form of notice when a judgment by default is sought" which "informs the defendant of the need for action, the consequences of default and where [it] can obtain a lawyer."  See Pa. R. Civ. P. 237.1, explanatory comment to 1994 amendment.

While Dee Paper's letter to Chase Bank mentioned that Chase Bank had not appropriately responded to the interrogatories, it did not explain that this was tantamount to a default.  It also did not inform Chase Bank that the reason for the default was Chase Bank's failure to enter a written appearance in court.  Dee Paper's letter did not warn Chase Bank that the court could enter a judgment against it without a hearing or that this judgment might result in the loss of Chase Bank's property or other important rights.  It also failed to advise Chase Bank on obtaining an attorney.  Because the correspondence lacked these "additional notice requirement[s] . . . . we cannot consider the [plaintiff's] notice to be 'substantially' in the form required by Rule 237.5."  See City of Philadelphia, 33 A.3d at 679; PennWest Farm Credit, ACA, 600 A.2d at 215-16; Erie Ins. Co., 839 A.2d at 387.  Dee Paper has not complied with the procedural requirements in the Pennsylvania Rules of Civil Procedure and is not entitled to a default judgment against Chase Bank.

-17-

Accordingly, the motion of Dee Paper for judgment on the pleadings or default judgment will be denied.